**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES WINFORD WOOTEN,

　　　Petitioner-Appellant,

v.

BOBBY BOONE, Warden,

　　　Respondent-Appellee.

No. 01-7034
(D.C. No. 97-CV-270-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

* 　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Charles Winford Wooten seeks a certificate of appealability (COA) to pursue his appeal of the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Determining that Mr. Wooten has not met the statutory requirements, we deny his application and dismiss the appeal.

To be entitled to a COA, Mr. Wooten must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

We may grant habeas relief only if the state court entered a judgment that

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In 1990, Mr. Wooten was found guilty by a jury of first degree rape and sentenced to fifty years in prison. His conviction was affirmed by the Oklahoma Court of Criminal Appeals. Mr. Wooten then commenced this § 2254 petition in

which he raised twenty-one issues. He later withdrew ten of the issues as his state court petition for post-conviction relief concerning those issues was still pending. Mr. Wooten notified the district court that he wished to proceed only with the issues he had exhausted, and that he planned to file a second petition after exhausting those ten issues.

Thus, the district court considered the following eleven claims: (1) There was insufficient evidence to support his conviction as the examining physician's (Dr. Kendrick) testimony was insufficient corroboration of the victim's testimony; (2) the trial court failed to give an instruction on attempted rape; (3) Dr. Kendrick and Brenda Burris (the social worker who interviewed the victim) were improperly allowed to offer their opinions as to the victim's truthfulness; (4) Ms. Burris presented hearsay evidence; (5) evidence of other crimes Mr. Wooten had committed against the victim was improperly admitted; (6) the state should have been directed to prosecute the rape as occurring on an exact date rather than during a more generalized, though specified, period of time; (7) the trial court should have granted a mistrial due to an improper statement by Dr. Kendrick; (8) a n unqualified juror was allowed to remain on the jury; (9) Ms. Burris should not have been allowed to testify as an expert that the victim was an abused child; (10) Mr. Wooten should have been allowed to cross-examine

both Dr. Kendrick and the victim's half sister; and (11) Mr. Wooten should have been allowed to impeach the victim.

The district court, after consideration of Mr. Wooten's objections, adopted the magistrate judge's well-reasoned and in-depth discussion of the issues and denied relief. On appeal, Mr. Wooten argues specifically that the evidence was insufficient to support his conviction as the victim's testimony was not corroborated and was inconsistent. He also argues that he was denied a fair trial because the state should have been directed to elect a particular date on which the rape occurred. He also seeks review of his remaining issues, although he did not argue these issues specifically.

Upon review of the record, the brief submitted to this court, and the applicable law, we conclude that Mr. Wooten has failed to meet the standards established in § 2254(d). Reasonable jurists could not debate whether his "petition should have been resolved in a different manner" or whether "the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (quotation omitted).

-4-

We DENY Mr. Wooten's application for a COA and DISMISS this appeal.

Entered for the Court


David M. Ebel
Circuit Judge